IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUVENILE "VR"<br>NOW 18 YEARS OF AGE,<br><br>              Plaintiff,<br>      v.<br><br>MUNICIPALITY OF BETHEL PARK<br>POLICE DEPARTMENT<br>5100 W. Library Avenue<br>Bethel Park, PA  15102<br><br>and<br><br>TIMOTHY O'CONNOR, Chief,<br>Municipality of Bethel Park Police<br>Department, individually and in his official<br>capacity,<br><br>and<br><br>JOELLE DIXON, Detective, Municipality of<br>Bethel Park Police Department,<br>Individually and in her official capacity,<br><br>              Defendants. | CIVIL ACTION<br><br>No:  2:22-cv-1499<br><br>District Judge W. Scott Hardy<br><br>*ELECTRONICALLY FILED*<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM

AND NOW, come Defendants, MUNICIPALITY OF BETHEL PARK (improperly designated as Municipality of Bethel Park Police Department), CHIEF TIMOTHY O'CONNOR and DETECTIVE JOELLE DIXON, by and through their attorneys PAUL D. KREPPS, ESQUIRE and MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, and respectfully submit the following Defendants' Motion to Dismiss Plaintiff's Complaint and in support thereof aver the following:

1.      On October 25, 2022, Plaintiff, Juvenile "VR", filed a Complaint in the United States District Court for the Western District of Pennsylvania, asserting the following claims

1

against the various Defendants: Fourth and Fourteenth Amendment §1983 violations regarding an alleged constitutionally protected Right to Personal Privacy (Count I against Defendants Dixon and O'Connor), Fourth Amendment §1983 violation regarding Plaintiff's alleged unlawful arrest (Count II against Defendant Municipality of Bethel Park), Fourth and Fourteenth Amendment §1983 violations wholly duplicative of the first two Counts (Count II against all Defendants), and state law tort of False Light (Count IV against all Defendants).  See, ECF Doc. 1.

2. The events which form the basis of Plaintiff's Complaint occurred on or about October 21, 2021, when three University of Pittsburgh Police Department officers arrived at Plaintiff's dormitory resulting in his arrest. See, ECF Doc. 1 at ¶¶18-21.

3. At the time of Plaintiff's arrest, he was 17 years old. *Id*. at ¶23.

4. Plaintiff further alleges that during his arrest, he was escorted through his dormitory with his arrest being made into a "public spectacle". *Id*. at ¶¶24-26.

5. Thereafter, Plaintiff alleges that Defendants Dixon and O'Connor unlawfully contacted the administration at the University of Pittsburgh to inform them that Plaintiff had been arrested, leading to an indefinite suspension. *Id*. at ¶¶40-45.

6. At the outset, Plaintiff admitted in juvenile court that he committed the crime of indecent assault on a person less than 13 years of age.  See attached hereto the Affidavit of Joelle Dixon marked as Exhibit "A" and "Adjudicatory/Dispositional Hearing Order" attached thereto and marked as Exhibit "A-1".

7. As a matter of law, Plaintiff cannot collaterally attack his state court guilty plea in this civil action and it follows that his arrest was in all respects appropriate and based upon probable cause.

8. Counts I through III of Plaintiff's Complaint fail to allege evidence of a Constitutional violation by any of the Defendants as to his right to privacy, due to the lack of precedent supporting a constitutional right to privacy in juvenile arrest records and the Third Circuit's hesitation to expand the protection against disclosure of personal matters to include the disclosure of criminal charges.

9. Further, Plaintiff cannot sufficiently plead the state law tort of False Light.

10. In order to establish a cause of action for false light, it must be shown that: (1) the false light in which the plaintiff was placed would be highly offensive to a reasonable person; and (2) the defendant had knowledge or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff would be placed. *Lin v. Rohm and Haas Co.*, 293 F.Supp.2d 505, 521–22 (E.D.Pa.2003) (citing *Curran v. Children's Serv. Ctr.*, 396 Pa.Super. 29, 578 A.2d 8, 12 (1990) (quoting Restatement (Second) of Torts § 652E)).

11. Further, the false light in which the plaintiff is placed must "entail such a 'major misrepresentation of [the plaintiff's] character, history, activities or beliefs that serious offense may reasonably be expected to be taken.'" *Puchalski v. Sch. Dist. of Springfield*, 161 F.Supp.2d 395, 410 (E.D.Pa.2001).

12. In the present matter, Defendants provided only truthful information about an ongoing investigation, and in no way acted in reckless disregard as to the falsity of reports, for the simple reason they did not provide false information.

13. On January 10, 2022, Plaintiff admitted to "Indecent Assault Person Less than 13 Years of Age". 18 § 3126 §§ A7. See Exhibit "A-1".

14. A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally

causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and … the complainant is less than 13 years of age. *Id*.

15. Plaintiff's Complaint alleges that "[b]y having Plaintiff publicly arrested, Defendants acted in reckless disregard of the truth and cast Plaintiff in the false light of a criminal." See, ECF Doc. 1, ¶125.

16. Following Plaintiff's arrest, he admitted to the above described criminal violation. Plaintiff appears to argue that, despite Plaintiff's criminal activity, his arrest suggested to the public that he was a "criminal on the run from the law". *Id*. at ¶126.

17. Given the seriousness of the charges brought against Plaintiff, and his ultimate admission of guilt, there is no false light in which the plaintiff was placed which would be highly offensive to a reasonable person.

18. For the reasons set forth above, Plaintiff's Complaint should be dismissed, in its entirety, with prejudice.

19. Defendants hereby incorporate the facts and arguments set forth in the Brief in Support of the Motion to Dismiss Plaintiff's Complaint as if fully set forth herein.

WHEREFORE, Defendants, MUNICIPALITY OF BETHEL PARK (improperly designated as Municipality of Bethel Park Police Department), CHIEF TIMOTHY O'CONNOR and DETECTIVE JOELLE DIXON, respectfully request this Honorable Court grant the within Motion to Dismiss Plaintiff's Complaint and dismiss all claims against the Defendants with prejudice and enter an order in accordance with the proposed order attached hereto.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY: _____
PAUL D. KREPPS, ESQUIRE
PA ID #73038
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA  15219
412-803-1140  //  412-803-1188 fax
pdkrepps@mdwcg.com
**Counsel for Defendants**

LEGAL/150929844.v1