IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUVENILE "VR" NOW 21 YEARS OF AGE, <br><br> Plaintiff, <br><br> v. <br><br> JOELLE DIXON, <br><br> and <br><br> BETHEL PARK POLICE DEPARTMENT <br> 5100 W. Library Avenue <br> Bethel Park, PA 15102, <br><br> Defendants. | CIVIL DIVISION <br><br> No: 2:22-cv-1499 <br><br> US District Judge W. Scott Hardy <br><br> **ELECTRONICALLY FILED** <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' RESPONSE TO MOTION FOR
LEAVE TO FILE A SECOND AMENDED COMPLAINT AT ECF DOC. 63**

AND NOW, come Defendants, the BETHEL PARK POLICE DEPARTMENT and DETECTIVE JOELLE DIXON (collectively, the "Defendants"), by and through their counsel, MARSHALL DENNEHEY, P.C., and PAUL D. KREPPS, ESQUIRE, and file the within RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AT ECF DOC. 63, as follows:

1.   Plaintiff filed his original Complaint at ECF Doc. 1.

2.   In response, Defendants collectively filed a Motion to Dismiss and Brief in Support at ECF Docs. 16 and 17. Plaintiff filed a Response at ECF Doc. 22 and Defendants in turn filed a Reply Brief at ECF Doc. 25.

3.   After oral argument, the Court entered an Order granting Defendants' Motion to Dismiss Plaintiff's entire Complaint for failure to state a claim at ECF Doc. 36. The Order was without prejudice to afford Plaintiff an opportunity to amend his Complaint.

4. Thereafter, Plaintiff filed an Amended Complaint at ECF Doc. 43.

5. Noting that Plaintiff no longer asserted any claims against Timothy O'Connor, Defendants filed a Motion to Dismiss which was granted by the Court and Chief O'Connor was dismissed from this matter. *See*, ECF Docs. 44 and 45.

6. Thereafter, the remaining Defendants once again filed a Motion to Dismiss for failure to state a claim and supporting Brief at ECF Docs. 55 and 56. Plaintiff filed a Response at ECF Doc. 59.

7. Most recently, Plaintiff filed a Motion to further amend the Complaint and attached a proposed Second Amended Complaint to the motion and filed a Brief in Support at ECF Docs. 63 and 65.

8. Plaintiff seeks to yet amend his Complaint to name for the first time that the Municipality of Bethel Park is a Defendant in this case as well as asserting claims against Defendant Dixon in both their individual and official capacities. *See,* ECF Doc. 63 at ¶21.

9. The relief requested by Plaintiff is not necessary because the Amended Complaint identifies that Det. Dixon is sued in her individual capacity bringing suit against a police officer in both the officer's official and individual capacities is in essence a suit against the officer and against the municipality that provided the officer the authority to act in an official capacity.

10. In the present case, suing the detective in her official capacity is "… only another way of pleading an action against an entity of which an officer is an agent."

> When asserting claims against a government official pursuant to 42 U.S.C. §1983, the official may be sued in his official or individual capacity. "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Monell v. New York City Dept.*

*of Soc. Servs.*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)) (internal quotation marks omitted).

K.S.S. v. Montgomery Cnty. Bd. of Comm'rs, 871 F. Supp. 2d 389, 396 (E.D. Pa. 2012).

11. Under the circumstances then, further amendment is not necessary however the manner in which the *Monell* claims have been pled has created confusion which has been clarified through Plaintiff's Motion for Leave to Amend.

12. Considering the confusion created by the pleading "errors" as described in Plaintiff's Motion as well as naming the Police Department as a party, Defendants request leave to further address only the *Monell* claim brought against Det. Dixon in her official capacity, now that Plaintiff has clarified his intention to bring such a claim.

WHEREFORE, Defendants, BETHEL PARK POLICE DEPARTMENT and DETECTIVE JOELLE DIXON, respectfully request that the Court deny Plaintiff's Motion for Leave to Amend and for leave to address Plaintiff's claim.

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

BY:   *s/ Paul D. Krepps*
PAUL D. KREPPS, ESQUIRE
PA ID #73038
**Counsel for Defendants**
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA  15219
412-803-1140/412-803-1188/fax
pdkrepps@mdwcg.com