IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUVENILE "VR" ) | CIVIL DIVISION |
| NOW 21 YEARS OF AGE, ) | |
| ) | No: 2:22-cv-1499 |
| Plaintiff, ) | |
| ) | US District Judge W. Scott Hardy |
| v. ) | |
| ) | |
| JOELLE DIXON, ) | **ELECTRONICALLY FILED** |
| ) | |
| and ) | |
| ) | **JURY TRIAL DEMANDED** |
| BETHEL PARK POLICE DEPARTMENT ) | |
| 5100 W. Library Avenue ) | |
| Bethel Park, PA 15102, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' SUPPLEMENTAL
BRIEF IN SUPPORT OF MOTION TO DISMISS (*MONELL* CLAIM)**

**I.   PROCEDURAL HISTORY**

In response to Plaintiff's Amended Complaint at ECF Doc. 43, Defendants filed a Motion to Dismiss and Brief in Support. *See* ECF Docs. 55 and 56. Defendants argued in the Motion to Dismiss specifically at Count IV that claims brought against the Bethel Park Police Department fail as a matter of law because a police department is a sub-unit of the Municipality of Bethel Park and is not amendable to suit.

In response, Plaintiff filed a Motion for Leave to Amend the Complaint to assert that Plaintiff intended to sue Bethel Park as a municipal entity. (ECF Docs. 63 and 65). The parties subsequently agreed that the *Monell* claim against Detective Joelle Dixon in her official capacity was the equivalent of a claim against Bethel Park, her employer. As such, it was stipulated that

LEGAL/168484966.v1

Defendants should be granted leave to supplement the Motion to Dismiss by addressing the *Monell* claim. *See* ECF Doc. 68. The within Supplemental Motion and Brief in Support therefore are limited to addressing what Defendants will treat as a claim against Bethel Park for failure to train and to supervise municipal police officers. For purposes of the within argument in order to avoid confusion, Defendants will refer to Bethel Park as the moving party. Where Detective Dixon is identified, the reference is to claims against her in her individual capacity.

## II.    STANDARD OF REVIEW

Defendants incorporate herein the standard for a Motion to Dismiss as set forth in ECF Doc. 56 as though fully set forth at length.

## III.   ARGUMENT

### A.    Dismissal of Counts I, II and III as to Detective Dixon's official capacity claims should be dismissed.

To the extent that Plaintiff intended to assert a *Monell* claim in Counts I, II or III, as no basis has been asserted to support such a claim the *Monell* claims should be dismissed.

Count I is a Fourth Amendment clam of right to privacy as to Plaintiff's juvenile records, Count II is a Fourth Amendment right to privacy as to those juvenile records from being disclosed to the University of Pittsburgh and Count III is a wrongful arrest claim. While Detective Dixon in each of these counts is sued in her individual and official capacity, there are no facts asserted in any of these claims that would in any way support a claim as against Bethel Park. Further, Detective Dixon has filed a Motion to Dismiss each of these counts in her individual capacity.

**B.      Dismissal of Count IV failure to train and to supervise is appropriate.**

1.      No underlying Constitutional violations

Defendants' Motion to Dismiss (ECF Docs. 55, 56) addressed the claims asserted against Detective Dixon; Plaintiff's purported right to privacy in his juvenile court records, in his arrest without a warrant and in his right to confidentiality of his juvenile court records. Detective Dixon asserts that Plaintiff failed to state a claim as to each of these purported rights upon which relief can be granted and those arguments are incorporated herein as though fully set forth at length.

A finding by the Court that there is no underlying constitutional violations necessarily results in a determination that there cannot be a *Monell* claim as against Bethel Park because; " . . . the requirement of an underlying constitutional violation is implicit in the Third Circuit's *Monell* framework." *Gayemen v. Sch. Dist. of City Allentown*, No. 14-cv-1518, 2016 WL 3014896, *12 (E.D. Pa. May 26, 2016) (holding that a plaintiff asserting a *Monell* claim must plead an underlying constitutional violation). *Lansberry v. Altoona Area School District*, 356 F.Supp. 3d 486, 497 (W.D. Pa. 2018). As such, Count IV should be dismissed on the basis that there are no underlying Constitutional violations.

2.      The failure to train and supervise claims fail.

There are two theories upon which a municipality can be held liable for violating constitutional rights; an assertion of the existence of an unlawful municipal policy or custom, or a failure to train or supervise that demonstrates deliberate indifference. See generally *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999). In this matter, the basis for the *Monell* claim is a failure to train and supervise. This type of claim is summarily described as follows; ". . . a plaintiff alleging failure to supervise, train, or discipline must show that said failure amounts to

deliberate indifference to the constitutional rights of those affected." *Forest v. Perry*, 930 F.3d 93, 105-106 (3d Cir. 2019).

The burden of proving a failure to train claim specifically requires as follows:

> . . . [O]ne whose claim is predicated on a failure or inadequacy has a separate but equally demanding requirement of demonstrating a failure or inadequacy amounting to deliberate indifference on the part of the municipality. . . . This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees' mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights. *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999).

*Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019).

Generally, "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) quoting *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 409 (1997).

Plaintiff alleges that Bethel Park is liable ". . . specifically, for failing to train its employee, Dixon (ECF Doc. 43 at ¶108) and that Bethel Park failed to supervise Detective Dixon. ECF Doc. 43 at ¶118

A failure to train claim may be pursued under a "single incident" theory of municipal liability only when, "In light of the duties assigned to specific officers or employees, the need for more or different training is so obvious and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the municipality can be reasonably said to have been deliberately indifferent to the need." *City of Canton*, 489 U.S. 378, 390. The single incident theory of liability applies only in certain situations. *Thomas v. Cumberland County*, 749 F.3d 217, 223 (3d Cir. 2014). The question is whether the constitutional violation is a highly predictable

consequence of a failure to **equip** law enforcement officers with **specific tools** to handle recurring situations. *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 409 (1997) (emphasis added).

Plaintiff does not allege any history of similar incidents occurring within the Bethel Park Police Department to put Bethel Park on notice of any deficiency in training. It is not sufficient to speculate that based upon the allegations asserted by Plaintiff, that similar conduct "must" have occurred. Liability cannot be predicated on conjecture and speculation. *See*, generally *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

It should be noted that the factual averments contained in Plaintiff's Amended Complaint at ¶¶14-48 assert no facts against Bethel Park to support the *Monell* claim found in Count IV. Further, Count IV lacks factual averments to support a history of failure to train and fails to establish that what is alleged to have occurred is a highly predictable consequence of a failure to equip Detective Dixon with the requisite specific *tools* to handle recurring situations. *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. at 409.

With regard to the alleged failure to supervise, Plaintiff asserts in Count IV at ¶123 that on the date of Plaintiff's arrest and confinement that Detective Dixon was not being supervised. (ECF Doc. 43 at ¶123) Plaintiff further asserts in ¶125 that had Detective Dixon been properly supervised that it ". . . would have prevented an unlawful arrest and disclosure of Plaintiff's juvenile records and this lawsuit would never have happened." (ECF Doc. 43 at ¶125)

Plaintiff is precluded from challenging his arrest because of the outcome of the juvenile court proceedings wherein he was adjudicated delinquent. The alleged unlawfulness of the arrest therefore cannot be the basis of a *Monell* claim when the arrest resulted in a finding of delinquency as explained and supported in the original Motion to Dismiss.

Deliberate indifference under a failure to supervise theory requires ". . . a plaintiff must show (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees' mishandling and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Ashley v. Kosehba*, No. 1:22-cv-00982, 2023 W.L. 6200805 at *6 (M.D. Pa. September 22, 2023).

Setting aside the failed argument that plaintiff's arrest was unlawful, Plaintiff's also asserts that there was a failure to supervise Dixon ". . . in the manner that would have put Dixon on notice about the requirements of these laws and motivated her to respect these laws when taking a juvenile into custody" (ECF Doc. 43 at ¶118) as well as the asserted rights to be free from governmental intrusion and personal privacy and Pennsylvania laws pertaining to confidentiality of juvenile records. ECF Doc. 43 at ¶108. However the entire predicate to these claims is that Det. Dixon violated state juvenile confidentiality laws and procedure.

In response, Defendants produced evidence of a lawful arrest as evidenced by the outcome of the arrest, an adjudication of delinquent. Further, the purported violation of privacy rights under the state statute does not create a constitutional violation. There is therefore no mishandling of the manner in which Plaintiff was arrested and convicted and in the process no civil rights violations occurred. It is not possible therefore to proceed on a claim of failure to train when there is no conduct to correct through training let alone whether Bethel Park could be charged with knowledge of the necessity to provide such training. In short, Plaintiff has failed to support the "demanding requirement" to carry his burden of proving deliberate indifference on the part of Bethel Park to better train or supervise its detective in making a lawful arrest of a juvenile. *Forrest,* 930 F.3d at 106

In addition to Plaintiff's failure to assert any cognizable civil rights protections he further failed to assert that Detective Dixon had a history of such conduct or otherwise that Bethel Park would have been on notice of some obvious failure to train or supervise its police officers.  As another court concluded in a similar case involving the confidentiality of juvenile records:

> In sum, Plaintiff presents no allegation that Defendants had notice that their training program was failing to adequately prepare employees regarding confidentiality. Her assertion that "[t]he 2017 State of the Child specifically states that CYS employees, agents and servants including, but not limited to CYS caseworkers, 'receive inadequate training' " … points only to a statewide generic assessment regarding staff training.  Plaintiff neither alleges that the "inadequate training" to which the report refers is related to confidentiality, nor that the report somehow gave notice to Defendants that their training on the issue was deficient. Plaintiff fails to plead that there was any pattern of unconstitutional disclosures similar to Plaintiff's case that would have put Defendants on notice of a deficiency in their training program. Plaintiff relies solely upon one unconstitutional disclosure of her own file, involving two actors below the policymaking level. Finally, the Third Amended Complaint pleads no facts to support single-incident liability. Although Plaintiff alleges that "[t]he harm and damages caused to [Plaintiff] were a foreseeable and direct consequence of the illegal and deliberate actions and omissions of Defendants as described herein" …, Plaintiff's conclusory assertion that the harm was "foreseeable" does not support a plausible claim of deliberate indifference to her constitutional rights. The risk of an employee disclosing constitutionally-protected confidential information must be a "patently obvious" result of Defendants' current training program. *Connick*, 563 U.S. at 64.

*Nin v. Luzerne Cnty.*, No. 3:17-CV-802, 2020 WL 6143561, at *13 (M.D. Pa. Oct. 19, 2020)

This Court has already dismissed Plaintiff's entire Complaint and Plaintiff took advantage of the opportunity to amend. ECF Doc. 36.  The amendment fails to support any claims against Detective Dixon in her personal capacity.  Further, the Amended Complaint fails to set forth a *Monell* claim against Bethel park.  The Amended Complaint should be dismissed, in its entirety and dismissal should be with prejudice as further amendment would be futile.

## IV. SUMMARY

For all of the foregoing reasons, Plaintiff has failed to state any viable *Monell* claim against Bethel Park (pled as an official capacity claim as against Detective Dixon) in Count IV of the Complaint and the same should be dismissed, with prejudice.

        Respectfully submitted,

        **MARSHALL DENNEHEY, P.C.**

BY:   *s/ Paul D. Krepps*
        PAUL D. KREPPS, ESQUIRE
        PA ID #73038
        **Counsel for Defendants**
        Union Trust Building, Suite 700
        501 Grant Street
        Pittsburgh, PA  15219
        412-803-1140
        412-803-1188/fax
        pdkrepps@mdwcg.com